UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ASTIN HILL and | ) |
| JUSTIN KENNEDY, | ) |
|  | ) |
| Plaintiffs, | ) No. 3:19-cv-00580 |
|  | ) |
| v. | ) |
|  | ) |
| LT. DAVID HODGES, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Astin Hill and Justin Kennedy, inmates of the Davidson County Sheriff's Office in Nashville, Tennessee, co-filed this pro se action under 42 U.S.C. § 1983 against Lt. David Hodges and the Davidson County Sheriff's Office. (Doc. No. 1). Along with the complaint, Hill submitted an application to proceed in forma pauperis. (Doc. No. 2).

By Order entered on July 22, 2019, the Court notified Plaintiffs that this case could not proceed until both Plaintiffs took further action. (Doc. No. 4). The Court notified Hill, who wished to proceed in forma pauperis, that he must submit to the Court a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2) within 28 days of receiving the Court's Order. (Id. at 2). The Court directed Kennedy to submit to the Court a properly completed application to proceed in forma pauperis or his portion of the filing fee ($175) within 28 days of receiving the Court's Order. (Id.)

The Court advised Plaintiffs that failure to comply with the Court's Order could result in the dismissal of their case. (Id.) The Court further advised them that either Plaintiff could request

1

an extension of time to comply with the Court's Order if such motion was filed within 28 days of date of entry of the Court's Order. (Id.)

On August 19, 2019, Hill filed an amended pleading. (Doc. No. 6). The pleading did not reference the Court's instructions to submit a certified copy of his inmate account statement or otherwise address the matter of the filing fee in this case.

To date, neither Plaintiff has complied with the Court's Order. Because Hill has not provided the required materials to apply for pauper status, his application to proceed as a pauper (Doc. No. 2) is hereby **DENIED**.

An action is subject to dismissal for want of prosecution where the pro se litigant fails to comply with the court's orders or engages in a clear pattern of delay. Gibbons v. Asset Acceptance Corp., No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to sua sponte dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962). Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Order of the Court and for want of prosecution.

When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. See Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999); In re Prison Litigation Reform Act, 105 F.3d 1131, 1137 (6th Cir. 1997). Here, that means each Plaintiff is responsible for $175. Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his or her portion of the filing fee. Fox v. Koskinen, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009) (citing McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

Each Plaintiff is hereby assessed his portion of the $350 filing fee ($175), to be paid as follows:

(1) The custodian of each Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from each Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until each Plaintiff has paid his portion of the filing fee ($175) in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by pro se plaintiffs are cash, money order, cashier's check or credit card payment.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of each Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the

payment of the filing fee. If either Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement for continued compliance with this order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE